# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN V. BAUTISTA, | 1:11-cv-02073-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| STATE OF CALIFORNIA, | [Doc. 1] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on December 16, 2011. Petitioner challenges a 1995 Tulare County conviction of driving under the influence of alcohol with two prior serious convictions. Petitioner is currently serving a sentence of 25 years to life.

Petitioner has previously filed a petition for writ of habeas corpus in this Court on June 17, 1998 in 1:98-cv-05674 LJO HC. The petition was denied with prejudice on August 24, 2001, and judgment was entered in favor of Respondent on August 28, 2001. The Ninth Circuit Court of Appeals denied the request for a certificate of appealability on May 16, 2003. On January 27, 2006, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive petition for writ of habeas corpus.

///

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See <u>Felker v. Turpin</u>, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. <u>Pratt v. United States</u>, 129 F.3d 54, 57 (1st Cir. 1997); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

As previous stated, the prior petition in 1:98-cv-05674-LJO-HC was denied with

prejudice and judgment was entered. Because the prior petition was adjudicated "on the merits," the instant petition is a "second or successive petition" under § 2244(b) that must be dismissed to re-filing if Petitioner seeks and obtains approval in the Ninth Circuit Court of Appeals to file a second or successive petition.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED;
2. The Clerk of Court is directed to terminate this action; and
3. The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed as successive under 28 U.S.C. § 2244(b). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:   **January 23, 2012**            /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE